ROOKER *v.* MOSER ET AL.

[No. 14,839.   Filed February 13, 1935.]

*William V. Rooker,* for appellant.

*Jackiel W. Joseph* and *Theodore R. Dann,* for appellees.

KIME, J.—Appellant, an attorney at law, brought this suit in the Marion superior court against appellee, Carr, who was a resident of Rush county, Indiana, and appellee, Moser, a non-resident of this state. The complaint was in two paragraphs, the first being to foreclose an attorney's lien on a judgment in favor of Moser and for judgment over as against Carr and the second paragraph was in *quantum meruit* for services rendered appellees.

Carr appeared specially and filed a plea in abatement to which appellant addressed a demurrer, which was overruled. The court then sustained the plea in abatement and abated the action as to Carr. The assignment of errors was: (1) The court erred in entertaining jurisdiction of the joint plea in abatement of the defendants after the defendant, Merlin R. Moser, entered his full appearance to the action and filed therein his general demurrer to the complaint; (2) the court erred in sustaining the joint plea in abatement of the defendants, John M. Carr and Merlin R. Moser,

after the defendant Moser entered his general appearance to the action and filed his general demurrer to the complaint therein; (3) the court erred as to each of the defendants in overruling the plaintiff's demurrer to the joint plea in abatement of the defendants; (4) the court erred as to each of the defendants on overruling the plaintiff's demurrer to the several and separate pleas in abatement of the defendants; (5) the court erred in overruling the plaintiff's demurrer to the second paragraph of answer of the defendant, Moser; (6) the court erred in its conclusions of law; (7) the court erred in each of its conclusions of law; (8) the court erred in overruling the plaintiff's motion for a new trial.

Appellee, Moser, entered an appearance, through counsel, and demurred to the complaint, which demurrer was overruled. Then followed some intermediate pleadings not material here which were followed by a general denial to the complaint and a second paragraph of answer pleading payment. A demurrer was filed to the plea of payment which was overruled, following which a general denial was filed thereto. Trial was then had by the court who rendered special findings, upon a request properly made, and rendered conclusions of law thereon.

The conclusions of law were: (1) that the law is with the defendant, Merlin R. Moser; (2) that the notice of lien given by the plaintiff is not valid under §9797, Burns Ann. Stat. 1926, §4-3619, Burns 1933, §10504, Baldwin's 1934; and (3) that the plaintiff is not entitled to recover against the defendant, Merlin R. Moser, and the defendant, Merlin R. Moser, is entitled to recover a judgment for costs against the plaintiff.

The disposition of this case involves the construction

of §2-707, Burns 1933, §81, Baldwin's 1934, which is as follows:

> "*Personal action against resident — Residents and non-residents in same action—Actions by assignees of contracts.*—In all other cases, the action shall be commenced in the county where the defendants, or one (1) of them has his usual place of residence. Where there are several defendants, residing in different counties, the action may be brought in any county where either defendant resides, and a separate summons may be issued to any other county where the other defendants may be found; and in cases of non-residents, or other persons having no permanent residence in the state, action may be commenced and process served in any county where they may be found. But any action brought by the assignee of a claim arising out of a contract, whether assigned in writing or by delivery, shall be commenced in the county where one or more of the parties immediately liable to judgment and execution reside, and not elsewhere."

This section provides that actions must be commenced in the county where the defendants or one of them reside. Carr was a resident of Rush county and consequently his plea in abatement was correctly ruled upon. Since there were more than one defendant and one defendant was a resident of the State of Indiana it was necessary to obtain jurisdiction to have filed this suit in the county of the resident of this state, namely Rush county. Under this section there is no other way that the appellant could have invoked jurisdiction for the purpose of this suit. The court did not err in its conclusions of law nor in its ruling on the plea in abatement.

There being no reversible error the judgment of the Marion superior court is in all things affirmed and it is so ordered.